**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2011

Lyle W. Cayce
Clerk

No. 10-10975
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OCARIO RUIZ,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-73-3

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ocario Ruiz pleaded guilty to one count of conspiracy to possess, with intent to distribute, cocaine. He was sentenced, *inter alia*, to 360 months' imprisonment. Ruiz contends, under Guideline § 1B1.3(a)(1)(B) (defining "relevant conduct" for jointly undertaken criminal activities): his sentence should have been based solely on cocaine, which was within the scope of the conspiracy and reasonably foreseeable to him; and, accordingly, he should not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be held responsible for the methamphetamine that also was involved because it was not reasonably foreseeable to him.

Although, post-*Booker*, the Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). The court's determination of the type and quantity of drugs for which defendant is responsible is a factual finding and, therefore, is reviewed only for clear error. *E.g.*, *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

In determining defendant's base-offense level, courts may consider drug quantities not specified in the count of conviction if they are part of defendant's "relevant conduct", as defined by Guideline § 1B1.3. *E.g.*, *United States v. Wall*, 180 F.3d 641, 644-45 (5th Cir. 1999). That Guideline provides: defendant's sentence shall be determined by "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant", U.S.S.G. § 1B1.3(a)(1)(A), as well as "all reasonably foreseeable acts and omissions of others in furtherance of [a] jointly undertaken criminal activity", U.S.S.G. § 1B1.3(a)(1)(B). That Guideline's commentary provides: "defendant is accountable for all quantities of contraband with which he was directly involved". U.S.S.G. § 1B1.3 cmt. n.2. That commentary also clarifies that the conduct referenced in Guideline § 1B1.3(a)(1)(B), regarding the limitation of reasonable foreseeability, "applies only in respect to the conduct . . . of others" and is inapplicable to those instances in which defendant is directly involved. *Id.*; *see also United States v. Carreon*, 11 F.3d 1225, 1237 (5th Cir. 1994).

No. 10-10975

Reasonable foreseeability *vel non* does not apply in this instance because Ruiz personally participated in the conduct for which he was found accountable at sentencing. Ruiz was present at a stash house—which was operated by the organization from which he routinely purchased drugs—with the intention of taking control of a drug shipment containing both cocaine and methamphetamine. He attempted to use his vehicle to remove the narcotics from the stash house and to prevent the law-enforcement agents from discovering the organization's source of supply. Further, when agents executed a search warrant at the stash house, Ruiz was observed placing into his vehicle packages found to contain both cocaine and methamphetamine.

The record therefore supports that Ruiz personally participated in the conduct for which he was sentenced. Accordingly, without regard to reasonable foreseeability, Ruiz was accountable for the full quantity of all drugs within the packages. *See* U.S.S.G. § 1B1.3(a)(1)(A). Although Ruiz maintains he believed the packages contained only cocaine, his knowledge of their specific contents is immaterial. In other words, Ruiz was responsible for the narcotics involved in the conduct for which he personally participated, even if he did not know the type drugs contained in the packages. *See, e.g.*, *United States v. Valencia-Gonzales*, 172 F.3d 344, 345-46 (5th Cir. 1999).

AFFIRMED.